UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL J. ROBINSON,

Plaintiff,

-against-

LETITIA JAMES, et al.

Defendants.

1:25-CV-8320 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

By order dated August 19, 2026, and entered on August 27, 2026, the Court granted Plaintiff's motion for leave to file a second amended complaint, granting Plaintiff, who appears *pro se*, 30 days' leave to file a second amended complaint. (ECF 22.) The Court warned Plaintiff that, if he did not file a second amended complaint within the time allowed, the Court would regard his amended complaint (ECF 5) as the operative pleading for this action. (*Id.*) Plaintiff has not yet filed a second amended complaint, but the abovementioned 30-day period has not yet expired.

Pending before the entry of the Court's August 19, 2026 order, however, have been Plaintiff's motion for a temporary restraining order ("TRO") and preliminary injunction ("PI") (ECF 6), "motion for status update and to advance case" (ECF 10), "motion for extension of time to serve" (ECF 12), motion "to enter Exhibit A" (ECF 17), and "motion to expedite service of process and for status update" (ECF 20). In this order, the Court will address and deny Plaintiff's motion for a TRO and PI. In addition, for the reasons discussed below, the Court will also deny the other abovementioned pending motions.

## DISCUSSION

To obtain the relief that Plaintiff seeks in his motion for a TRO and PI, he must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

None of Plaintiff's submissions demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in Plaintiff's favor. Accordingly, the Court denies Plaintiff's motion for a TRO and PI. (ECF 6.) In a future order, the Court will specifically explain why the Court denied Plaintiff's motion for a TRO and PI.

## CONCLUSION

The Court denies Plaintiff's motion for a TRO and PI. (ECF 6.) In addition, given that the Court is awaiting, as per the Court's August 19, 2026 order, the filing of Plaintiff's second amended complaint, the Court denies the remaining pending abovementioned motions without

prejudice to refiling following Plaintiff's filing of a second amended complaint. (ECF 10, 12, 17, 20.) The Court directs the Clerk of Court to terminate ECF 6, 10, 12, 17, 20.

SO ORDERED.

Dated: September 3, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.